ALBANY,
Jan. 1833.

Turner
v.
Williams.

---

TURNER *vs.* WILLIAMS and others.

Where on the widening of a street in the city of New-York, an allowance of a sum of money by way of damage, is made to the *owners of the fee* of a lot taken for the street, and also an allowance is made to a *lessee* of the same lot, and the report of the commissioners is confirmed, it is not competent for the lessee in an action against his landlords to shew by parol that in the amount awarded to them was included a sum intended for the benefit of the lessee, to enable him to put the premises in tenantable repair, rendered necessary by the widening of the street.

THIS was an action of assumpsit, tried at the New-York circuit in January, 1832, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The plaintiff was the lessee of the defendants of the house and lot, corner of Chatham and Beekman streets, for the term of 5 years from the 1st May, 1828, at an annual rent of $600, he to keep and render up the premises at the expiration of the term in good repair. In January, 1831, Beekman street was widened by order of the corporation, by which a strip of land was taken off the lot in its whole extent from Chatham street to Theatre Alley, reducing the front on Chatham street 10 feet and the rear on the Alley 5 feet, the length of the lot being about 50 feet. The commissioners of estimate and assessment awarded to the defendants, as the owners of the fee of the land taken for widening the street, $5312,62; and to the plaintiff for his leasehold interest, they awarded the sum of $1150. The report of the commissioners was confirmed by this court, and the street was widened; in the doing of which the store occupied by the plaintiff and two small tenements in the rear of the lot were cut through, which rendered a new wall necessary, which was erected by the plaintiff, at an expense of upwards of $600. The plaintiff claimed to recover of the defendants in an action for money had and received $500, part of the sum awarded to them for their damage, which had been paid to them; and offered to prove by one of the commissioners that the said sum of $500 was included in the sum of $5312,62, awarded to the defendants and allowed to them for the use of the plaintiff to pay the expenses necessary to make the premises tenantable during the residue of the term; which evidence was objected to by the defendants and over ruled by the court. The plaintiff excepted, and a nonsuit was entered which was now moved to be set aside.

*D. Graham,* for plaintiff.

*D. Lord, jun.* for defendant.

*By the Court,* SAVAGE, Ch. J. It is the duty of the commissioners of estimate and assessment, 2 *R. L.* 412, 13, in their report to set forth the names of the parties interested in the lands taken and adjacent, whether *owners* or *lessees,* as far forth as the same can be ascertained; and also, the several and respective sums assessed or allowed for damage or benefit,

of the owners of the *fee*, and of the owners of the *leasehold estates* separately. This has been done in this case. Their report is to be presented to the supreme court for confirmation after due notice, and after being deposited for inspection, and the report when confirmed, the statute declares shall be *final and conclusive*, as well upon the corporation of the city as upon the owners, lessees, and parties interested and upon all others. Such report has been regularly confirmed in this case, and is conclusive upon all persons interested. And so it should be, or parties will never know what are their rights. If the commissioners may by parol alter their report after confirmation, to the amount of $500, why not shew that the whole $5312,-62, were also intended for the lessee? But if this were admissible, the plaintiff should go further and shew that the supreme court intended the same thing when they confirmed the report, for the report of the commissioners is of no force until confirmed, and although the commissioners may have said one thing by their report and intended quite the contrary, that of itself would not vary the effect of the report, unless it be also shewn that the tribunal whose act of confirmation gives force and effect to the report, intended the same thing as did the commissioners. If the report could be varied in this way, parties would never know when to acquiesce in, and when to oppose a report. The owners of the fee in this case may have been quite satisfied with the amount awarded, but had they known that $500, or any other portion of the allowance in their favor, were intended for the lessee, they might have successfully opposed the confirmation. If the lessee was not satisfied with the allowance to him, he should have made opposition on that ground, and for aught we know, such opposition was made, and the judges of this court may have passed upon the sufficiency of this very allowance, and considered both of them such as they should be. Such is the presumption arising from the confirmation. A doctrine such as is contended for by the plaintiff, it seems to me, would be subversive of the rights of parties, and of the certainty and stability of judicial proceedings.

The motion to set aside the nonsuit should be denied.