MURRAY vs. GRAHAM and others.

The purchaser of lots in the city of New-York bounded upon one of the public streets, as laid down upon the commissioners' map and plan of the city, is not liable to be assessed for the purpose of compensating the vendor for the lands afterwards taken by the corporation for the purpose of opening such street. But he must insist upon his right of exemption from assessment for that purpose before the commissioners of estimate and assessment, and if they improperly decide against him he must oppose the confirmation of their report by the supreme court.

Where a party who is improperly assessed for the opening of a street in the city of New-York has an adequate remedy at law against such assessment, by opposing the confirmation of the report of the commissioners, if he neglects to avail himself of such remedy, the court of chancery has no jurisdiction to grant him relief.

Errors of the commissioners of estimate and assessment, upon the opening of streets in the city of New-York, cannot be corrected by a collateral suit in chancery, except in cases where no adequate relief could be had in the mode pointed out and prescribed by the statute.

Where it is perfectly apparent from the complainant's bill that he is neither entitled to relief or discovery as against one of the defendants, such defendant should demur to the bill in the first instance. And if he puts in an answer unnecessarily, where it is clear that a demurrer to the whole bill may be sustained upon the merits, the court may refuse to allow him the extra costs of such answer.

August 1.      THE bill in this cause was filed by the complainant against C. M. Graham, E. Barnes and the corporation of New-York, to be relieved from an assessment upon the complainant's property, for the expense of opening Twelfth street in front of his lots. From the pleadings and proofs it appeared that the defendant Graham was formerly the owner of the complainant's lots which were assessed, together with the land in Twelfth street in front of the same ; the legal title to the whole of which was in the defendant Barnes as the trustee of Graham for the purpose of sale. The complainant purchased the lots of Graham, and the same were conveyed to him by the trustee. In the negotiation for sale, as well as in the deeds to the complainant, express reference was made to a map on which Twelfth street was laid down as running through the lands of Graham ; and these lots were laid down on the map and described in the deeds as

fronting on that street. Shortly after this purchase, the corporation of New-York instituted proceedings to open Twelfth street, and the commissioners of estimate and assessment allowed to Barnes, the trustee, the full value of the lands taken for the street. And the amount thus allowed was assessed against the complainant, and other purchasers who were bounded on the street, as a benefit which their lots would receive by the opening of the street. The complainant, although he objected to this assessment before the commissioners, and insisted that he was entitled to have the street opened through the land of Graham adjoining his lots free from any charge for the price of the land thus taken, suffered the report to be confirmed by the supreme court without appearing to oppose the same. The amount allowed for the land taken for the street was paid by the corporation to Barnes, who immediately paid the same over to Graham ; and the corporation were proceeding to collect the assessment upon the complainant's lots when the bill in this cause was filed. The cause was heard before the vice chancellor of the third circuit, who decreed that the legal title to the land covered by the street was held subject to the right of the complainant to have it kept open as a public street ; and that the damages of taking the land by the corporation for that purpose were merely nominal, and a reference was directed to a master to ascertain and report what part of the damages allowed to Barnes by the commissioners of estimate and assessment was for the land in front of the complainant's lots, and how much was assessed upon those lots ; and the master was directed to compute interest on the amount thus ascertained from the time when the complainant paid the same. All other questions and directions were reserved until the coming in of the master's report. From this decree the defendant Graham appealed to the chancellor.

*D. Selden & J. Law,* for the appellant.

*S. A. Foot & W. Kent,* for the complainant.

THE CHANCELLOR.  Since the commencement of this suit it has been conclusively determined by the court of dernier resort in this state, that the grantor of a city lot purporting to be bounded upon a street, by the description thereof in the deed or by reference to a map or city plat, is not entitled to damages for the land which is taken by the corporation for such street, to be assessed as a benefit to the lot of his grantee.  There is therefore no doubt as to the complainant's equity in this case as against the defendant Graham, if he is not concluded by the order of the supreme court confirming the report of the commissioners of estimate and assessment.

The 178th section of the act to reduce several laws relating particularly to the city of New-York into one act, (2 R. L. of 1813, p. 409,) makes the confirmation of the report final and conclusive upon the corporation, and also upon the owners, lessees, persons and parties interested in and entitled to the lands mentioned in the report, and upon all other persons whomsoever.  If the question to be decided here was one which the commissioners of estimate and assessment could not have inquired into and settled, either for want of power, or because no means had been provided by the legislature to compel the attendance of witnesses or to give the complainant the benefit of a discovery of facts which were exclusively within the knowledge of the adverse party, I am not prepared to say that this court would not have the power to arrest the money, which had been inequitably charged upon the complainant's property, in the hands of the corporation, or to compel the adverse party to return it if he had actually received it before the filing of the bill. No such question, however, is presented by the facts in this case.  Here it appears, from the complainant's own showing, that he was perfectly aware of his legal and equitable rights, which appeared upon the face of his deeds, and that he urged those rights before the commissioners.  But they decided against him, being probably misled by the erroneous decision of the supreme court in the case of *Mercer Street,* (4 *Cowen's Rep.* 542.)  The appropriate remedy of the complainant in such a case was to oppose the confirmation

of the report in the supreme court, on the ground of this erroneous decision of the commissioners of estimate and assessment. And if that court had decided against him, he should have carried the question for final decision to the court of dernier resort, instead of coming into this court to correct the erroneous decision of the commissioners in a collateral suit. The complainant therefore had an adequate remedy at law, which has been lost by his neglect to defend himself in the proper tribunal; and this court has no jurisdiction to grant the relief asked.

This is not a case of the payment of damages to the wrong person, within the intent and meaning of the 184th section of the statute; as no damages, other than such as were merely nominal, should have been assessed or paid to any person. Neither is it a case coming within the provisions of the 186th section, as an assessment paid by the complainant which by the agreement of the parties or the law of the land ought to have been paid by the appellant or his trustee. But it is an assessment which ought never to have been made upon the complainant's property, nor paid by him to the appellant or for his benefit. And even if it came within either of these sections, as the money had been paid to the appellant before the filing of this bill, the appropriate remedy was by a suit at law, and not by a bill in equity. There is no doubt in this case, however, that the appellant, in consequence of the neglect of the complainant to attend to his rights in the appropriate tribunal, has indirectly obtained from the latter a large sum of money which in justice he ought never to have received. And if this court could give relief without overturning the settled principles of law and assuming a jurisdiction which does not belong to it in this case, I should not hesitate to give to the complainant the relief which is contemplated in the decree of the vice chancellor. But as this is a case of an erroneous assessment by the commissioners, in giving to the appellant's trustee a large sum as damages when the amount should have been merely nominal, if the court of chancery assumes jurisdiction to open and review the decision of the commissioners in this collateral suit, I cannot see what is to prevent the exercise of a similar ju-

1837.

Murray
v.
Graham.

risdiction in every case where the commissioners have proceeded on an erroneous principle in allowing damages to one party and charging them upon the lands of another, whereby the assessment upon the property of the latter is greater in amount than it ought to have been. To correct errors of this description is the appropriate business of the supreme court, upon the application to confirm the report of the commissioners; and such errors cannot be corrected in a collateral suit in this court, unless some foundation is laid for equitable relief by showing that no relief could have been had in the mode pointed out by the statute. (*Turner* v. *Williams*, 10 *Wendell*, 139.)

The decree of the vice chancellor must therefore be reversed and the bill must be dismissed. But as the appellant has possession of a large sum of money of the complainant's which he is permitted to retain upon technical grounds merely, I shall not charge the complainant with costs in favor of the appellant or his trustee.

There was no pretence of equity as against the corporation, however, at the time this bill was filed; as it appears from the bill itself that the damages had been paid over to Barnes the trustee previous to that time. And if the corporation had demurred, as it should have done where all the facts necessary for the protection of its rights appeared on the face of the bill, such bill would have been dismissed as to the corporation. (*Patterson* v. *The Corporation of N. Y.*, 1 *Paige's Rep.* 114.) The complainant must therefore pay to the solicitor of the corporation such costs as he would have been entitled to upon the allowance of a demurrer to the bill, and no more.